

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2004

# Thornbury Noble v. Thornbury Twp

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4476

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Thornbury Noble v. Thornbury Twp" (2004). *2004 Decisions.* Paper 221.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/221

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4476

———

THORNBURY NOBLE, LTD.

<u>Appellant</u>

v.

THORNBURY TOWNSHIP, ET AL.

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 99-6460)
District Judge: Honorable Thomas N. O'Neill

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 28, 2004

Before: RENDELL, FUENTES, and SMITH, <u>Circuit Judges</u>.

(Filed: October 18, 2004)

OPINION OF THE COURT

———

FUENTES, <u>Circuit Judge</u>.

Appellant Thornbury Noble ("Noble") is the owner of a property in Thornbury Township, Chester County ("the Township") known as "Thornbury Commons" ("the Property"). Noble had hoped to convince Thornbury Township Board of Supervisors ("the Board") to rezone the Property to allow for the construction of a box-shaped supermarket, but was unsuccessful. The Board, however, did grant another developer, Waters & Associates ("Waters"), the zoning changes necessary to build a supermarket at another site in the Township. Noble contends that Waters' zoning request was approved more quickly because Waters agreed to make a $600,000 contribution to the Township for the purchase of open space. Noble filed a four count complaint in the Eastern District of Pennsylvania against the Township, the Board, and members of the Board in their individual and official capacities (collectively referred to as "the Defendants"), which included a claim that Noble's substantive due process rights pursuant to 42 U.S.C. § 1983 had been violated.[1] Through a series of decisions, the District Court dismissed all the counts in the complaint. The substantive due process claim is what is before us on appeal.[2] We affirm the decision of the District Court because there is no genuine issue of material fact as to whether the actions of

---

[1] Section 1983 provides a cause of action for "any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of law." *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002). Noble's § 1983 claims here stem from alleged violations of substantive due process rights under the Fourteenth Amendment. The complaint also alleged: a violation of the Pennsylvania Municipalities Planning Code (Count II); a regulatory taking (Count III), and a claim for intentional interference with prospective contract (Count IV).

[2] The four issues Noble raised on appeal are all related to the substantive due process claim.

Defendants shock the conscience, even when viewed in the light most favorable to the plaintiff.

## I. Factual and Procedural Background

The facts and evidence are adequately set forth in the District Court opinion, thus only the barest recitation is required here. Thornbury Noble, a limited partnership, is the owner of the Property in the Township. The Township is governed by the Board, a five member elected body. The Township has enacted a zoning ordinance which governs development in the Township. In November 1997, Noble sought to bring a supermarket to the property. A few years earlier, Noble had sought and received permission to develop an L-shaped retail center. To build the desired supermarket, however, the Property would have to be rezoned to permit a box-shaped building. While Noble was attempting to convince the Board to make the zoning changes, Waters was also trying to rezone a piece of property to permit the building of a shopping center that would include a supermarket. During a meeting to discuss Noble's zoning request, a Board member asked Noble's representative if he had any interest in making a voluntary contribution to help the Township acquire open space to compensate for the loss of residential zoning. The representative responded that a contribution would be considered if there were an ordinance asking for such a contribution. Waters, however, contributed $600,000 to the Township for the express purpose of purchasing additional open space. There was evidence that at least one Board member believed only one supermarket

would get built and at least one Board member wanted the Waters supermarket built first. The Board approved the zoning changes requested by Waters. While Noble was fighting to have its zoning changes adopted, it lost two supermarket deals. The District Court originally dismissed the § 1983 claims against the individual Defendants in their official capacities, but otherwise denied the Defendants' motions for summary judgment with respect to Count I. The Defendants, however, renewed their motions for summary judgment after this Court handed down *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392 (3d Cir. 2003). The District Court concluded that the actions of the Defendants did not meet the shock the conscience standard laid out in *United Artists* for making out a successful substantive due process claim in a land-use setting.

## II. Standard of Review

When reviewing a grant or denial of summary judgment, "we apply the same test employed by the District Court under Federal Rule of Civil Procedure 56(c)." *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 679-80 (3d Cir. 2003). Thus, a District Court's grant of summary judgment must be affirmed only if it appears that there is no genuine issue as to any material fact and that Appellees are entitled to a judgment as a matter of law. Id. In evaluating the evidence, we take the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Id.*

## III. Discussion

Noble argues that there are genuine issues of material fact as to whether the Defendants violated Noble's substantive due process rights. "The substantive component of the Due Process Clause can only be violated by governmental employees when their conduct amounts to an abuse of official power that 'shocks the conscience.'" *Fagan v. City of Vineland*, 22 F.3d 1296, 1303 (3d Cir. 1994) (en banc). Under Third Circuit law, the "shock the conscience" standard applies to cases involving substantive due process claims challenging municipal land use decisions. *United Artists,* 316 F.3d at 401. "While the measure of what is conscience-shocking is no calibrated yard stick," *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998), we do know that conscience shocking actions would violate the "decencies of civilized conduct," *Rochin v. California*, 342 U.S. 165, 172-73 (1952), and would be so "'brutal' and "offensive" that [they] did not comport with traditional ideas of fair play and decency." *Breithaupt v. Abram*, 352 U.S. 432, 435 (1957).

The most nefarious interpretation of the events that transpired before the Board would be that the Board privileged Water's zoning request over Noble's in exchange for Water's $600,000 contribution to the Township for the purchase of open space. Assuming that is the case, the actions of the Board would still not rise to the level of shocking the conscience because it is well-settled that the preservation of open spaces is a legitimate municipal goal. *Agins v. City of Tiburon*, 447 U.S. 255 (1980), overruled on other grounds by *First English Evangelical Lutheran Church v. Los Angeles County*, 482 U.S. 304 (1987). Because Defendants' actions do not constitute an abuse of power that shocks the conscience, Noble's

substantive due process rights have not been violated.

Noble makes much of the District Court's observation that the actions of the Board were not undertaken for personal gain. Contrary to Noble's contention, the District Court did not conclude that only actions that personally benefit the Board members would meet the shock the conscience test. Instead, the District Court's observation suggested, correctly so, that soliciting a $600,000 contribution to line the pockets of the Board members is an act different from soliciting a $600,000 contribution to secure open space. Since the contribution was expressly to pursue a legitimate town goal, neither the Board's motives nor their actions were improper.[3] Thus, we cannot find in the instant case that the Board's actions were unconstitutional.[4]

We have considered all of the other arguments advanced by the parties and conclude that they are without merit and no further discussion is necessary. Accordingly, the judgment of the district court will be affirmed.

———

[3]Noble similarly misconstrues the District Court's observations regarding the Board's motive. Because the Board's motives were legitimate, it was not necessary for the District Court to decide whether an improper motive in the instant case would have transformed an otherwise legitimate action into one that shocked the conscience.

[4]Noble also raises on appeal the issue of qualified immunity for the individual Board members. We need not address the issue of qualified immunity because no constitutional violation occurred.